IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>JONATHAN RODGER NELSON,<br><br>                  Defendant. | Case No. 20-00022-01-CR-W-RK |

**MOTION OF THE UNITED STATES FOR
PRETRIAL DETENTION AND A HEARING PURSUANT
TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)**

      Comes now the United States of America, by Timothy A. Garrison, United States Attorney, and the undersigned Assistant United States Attorney, both for the Western District of Missouri, and hereby moves the court to hold a hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of demonstrating that no condition or combination of conditions of release will reasonably assure the safety of other persons and the community if defendant is granted bond, nor will any conditions secure defendant's appearance, and that therefore the defendant should be detained.

**SUPPORTING SUGGESTIONS**

      1.    Subsection 3142(f), Title 18, United States Code, provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in

the community if the attorney for the Government moves for such a hearing and if the case is in any one of the following categories:

    A.    The case involves a crime of violence, a term defined at Section 3156 to include either:

    1.    an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another;

    2.    any other offense that is a felony and by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of its commission; or

    3.    **any felony under chapter . . .110 [18 U.S.C. §§ 2251 through 2260 ]or 117 [18 U.S.C. §§ 2421 through 2428 ]** . . ."

    B.    The case involves an offense where the maximum sentence is life imprisonment or death.

    C.    The case is a narcotics case under Title 21, United States Code, for which imprisonment for ten years or more is prescribed.

    D.    Any felony, even a non-violent felony not involving drugs, if the person already has two or more convictions for a crime of violence, a crime punishable by life imprisonment, or a ten-year drug felony.

    E.    Any felony that is not otherwise a crime of violence that **involves a minor victim**.

2. The statute recognizes two additional situations which allow for a detention hearing and which can be raised either by the attorney for the Government or by a judicial officer. These conditions are:

>A. When there is a serious risk that the defendant will flee; or

>B. When there is a serious risk that the person will "obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror."

3. As set out in bold above, one or more grounds for pretrial detention and a pretrial detention hearing as set forth by the statute exists in the above cause, to wit:

### A. **The Defendant is Charged with a Crime of Violence**

There is probable cause to believe that the defendant committed attempted production of child pornography and possession of child pornography, which are crimes of violence as defined by 18 U.S.C. § 3156(a)(4)(C) and referred to in 18 U.S.C. § 3142(f)(1)(A).

### B. **The Law Provides a Rebuttable Presumption That No Combination of Conditions Will Reasonably Assure the Safety of the Community**

Pursuant to 18 U.S.C. § 3142(e)(3)(E), the law provides that, when a judicial officer finds that there is probable cause to believe that the defendant has committed an offense involving a minor under § 2251(a) (production and attempted production of child pornography), which defendant Nelson has been charged with, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure . . . the safety of the community."

### C. The Defendant is a Danger to the Community

The investigation of this offense has uncovered evidence that the defendant is a danger to the community, and specifically a danger to minors. Such evidence includes the following:

1. The defendant is charged by way of indictment with two counts of attempted production of child pornography (18 U.S.C. § 2251(a)), and one count of possession of child pornography (18 U.S.C. § 2252(a)(4)).

2. The charged offenses involve victims under the age of 18 at the time of the offenses.

3. Examination of media recovered from the defendant resulted in the recovery of multiple hidden camera videos, and multiple videos from a livestreaming app in which multiple minors were engaged in sexually explicit conduct. In one video from the livestreaming app, the defendant communicated with MV2 and directed her to undress, then directed her to show a close-up of her genitals and buttocks after he agreed to send her a phone and other items. MV2 complied. The defendant later admitted to this conduct, but claimed he did not send the items promised in the communication.

4. In an interview in May 2019, the defendant admitted to involvement with child pornography, stating he had used P2P files to download child pornography. The defendant acknowledged the conduct began approximately seven years prior. The defendant stated he had been suicidal after he was initially arrested, but stated he felt he knew how to handle it. The defendant also admitted to accessing the mobile messaging app, Kik, and finding chat groups

4

sharing child pornography after his initial arrest in 2018. (No additional child pornography was located on the defendant's phone after his arrest on the federal warrant in the instant case.)

### D. The Defendant is a Potential Flight Risk

The defendant is a potential flight risk because he is aware of the extensive potential punishment awaiting him upon conviction. The defendant has been charged with two counts of attempted production of child pornography and one count of possession of child pornography. Production of child pornography is punishable by not less than 15 years with a maximum term of 30 years imprisonment. Possession of child pornography is punishable by up to 10 years imprisonment.

### E. Conclusion

The defendant has engaged in the exploitation of multiple minors over a period of several years. He is a risk to the community at large and especially to minors. The defendant is aware of the significant minimum mandatory sentence his charges carry. The potential punishment maximizes the defendant's risk of flight.

WHEREFORE, the Government respectfully requests that this Honorable Court set a detention hearing to demonstrate that no condition or combination of conditions reasonably assure the safety of the community or diminish the defendant's risk of flight in the face of strong evidence

that will exact a lengthy prison sentence.  The Government further requests that the court thereafter detain defendant without bail.

        Respectfully submitted,

        Timothy A. Garrison
        United States Attorney

By   /s/Alison D. Dunning

        Alison D. Dunning
        Assistant United States Attorney
        Chief, Special Victims Unit
        Charles Evans Whittaker Courthouse
        400 East Ninth Street, Suite 5510
        Kansas City, Missouri  64106
        Telephone: (816) 426-3122

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on January 29, 2020, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing will be hand-delivered to the defendant at his first appearance before a judicial officer.

        /s/Alison D. Dunning
        Alison D. Dunning
        Assistant United States Attorney